**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **KELLY MICHELLE BECK, #1363956,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-1983-B |
| | ) | ECF |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for habeas corpus relief brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently confined at the Dawson State Jail of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Dallas, Texas. Respondent is the Director of TDCJ-CID. The Court has not issued process in this case, pending preliminary screening.[1]

Statement of the Case: Petitioner pled guilty to driving while intoxicated with a child under fifteen years of age in the 7th Judicial District Court of Smith County, Texas, in Cause No.

---

[1] This action was initially filed in the United States District Court for the Southern District of Texas, Houston Division, which in turn transferred it to this Court.

007-1297-05.  (Petition (Pet.) at 2-3).  On August 18, 2005, the District Court sentenced her to 18 months imprisonment.  (*Id.* at 3).  Petitioner did not appeal.  (*Id.*).

In this action, filed on October 12, 2006, Petitioner seeks pre-sentence jail time credits of sixty-two days from June 18, 2005, until August 18, 2005.  (Pet. at 2).

On May 30, 2006, prior to filing this action, Petitioner filed a Motion for Judgment Nunc Pro Tunc in the convicting court, requesting that she be given credit for the pre-sentence jail time she served.  (Answer to Magistrate Judge's Questionnaire at 1).  The trial court denied the motion on August 1, 2006, and Petitioner did not appeal.  (Answer to Questions 2 and 3).

<u>Findings and Conclusions</u>:  It is well settled that a state prisoner must exhaust all available state court habeas corpus remedies before a federal court will consider the merits of his claims.  28 U.S.C. § 2254(b) and (c).  The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings."  *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

A motion for judgment nunc pro tunc is the appropriate remedy for seeking pre-sentence jail time credit before the expiration of the presumptive discharge date.  *See Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004) (per curiam).  If the trial court denied relief, an appeal may be taken to the appropriate court of appeals.  *Ex parte Pederson*, 2005 WL 3019017, at 1 (Tex. Crim. App. Nov. 9, 2005) (unpublished opinion).

Petitioner has not satisfied the exhaustion requirement.  She concedes failing to appeal the denial of her motion for judgment nunc pro tunc to the appropriate court of appeals.  (Answer

to Question 3).[2] As a result, the petition for a writ of habeas corpus remains unexhausted, and the same should be dismissed without prejudice. *See Rose v. Lundy*, *supra*.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED without prejudice for failure to exhaust state court remedies.

A copy of this recommendation will be mailed to Petitioner.

Signed this 28th day of November, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[2] Since Petitioner was convicted in Smith County, the appropriate court of appeals is the Twelfth Court of Appeals in Tyler, Texas.